

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| TOM J. GARNER, JR.,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>    Defendants. | Case No. EDCV 11-1552-VAP (MLG)<br><br>MEMORANDUM OPINION AND ORDER DISMISSING COMPLAINT FOR FAILURE TO PROSECUTE |

## I. Facts and Procedural Background

Plaintiff Tom J. Garner, Jr. is a prisoner at the Kern Valley State Prison. At the time of the events giving rise to this cause of action, he was a pre-trial detainee at the Southwest Detention Facility in Murrieta, California.

Plaintiff filed this pro se civil rights complaint, pursuant to 42 U.S.C. § 1983, on October 6, 2011. He named the State of California, Nurse Tracy and Deputy Duffy as defendants. The complaint alleges that on January 17, 2011, Plaintiff went into the pill dispensing line at the jail to complain of diarrhea, chest pains, flu symptoms and shortness of breath. Plaintiff claims that Tracy failed to assist him, claiming that she was dispensing pills to other inmates and that Duffy also refused to provide him with medical

assistance.

Plaintiff claims that he saw a doctor seven days later, who diagnosed Plaintiff with a cold in his chest, and prescribed an asthma inhaler to treat a chronic asthma condition. Plaintiff claims he filed several grievances, which were denied because it was determined that Plaintiff had only been suffering from a head cold. Plaintiff contends that the individual defendants acted negligently and unprofessionally.

On October 12, 2011, Magistrate Judge Marc L. Goldman dismissed the complaint with leave to amend. In doing so, it was found that plaintiff had failed to state a claim upon which relief may be granted as to his allegations of deliberate indifference to his serious medical needs, and that any action against the State of California was barred by the Eleventh Amendment. Plaintiff was instructed to file a first amended complaint remedying the identified deficiencies no later than November 9, 2011. Plaintiff was explicitly informed that failure to do so would result in dismissal of the action without prejudice. Plaintiff has not filed a first amended complaint in the time allowed. Accordingly, this action will be dismissed without prejudice for failure to prosecute.

Federal courts possess the discretionary authority to dismiss an action based on a plaintiff's failure to diligently prosecute or comply with a court order. Fed.R.Civ.P. 41(b); Local Rule 12.1. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-630 (1962). "Dismissal is a harsh penalty and is to be imposed only in extreme circumstances." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). The Court is required to weigh the following factors in determining whether to dismiss a case for lack of prosecution: "(1) the public's interest

in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Omstead v. Dell, Inc*, 594 F.3d 1081, 1084 (9th Cir. 2010); *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (citing *Henderson*, 779 F.2d at 1423).

In weighing these factors, the court concludes that dismissal is appropriate in this case. Plaintiff has been afforded two opportunities to state a viable cause of action. Here, the public's interest in the expeditious resolution of litigation and the court's interest in managing its docket weighs in favor of dismissal. Given Plaintiff's failure to comply with the court's order, dismissal would not undermine the public policy favoring disposition of cases on the merits. In addition, there is no identifiable risk of prejudice to Defendants.

Accordingly, it is ORDERED that this action be dismissed without prejudice for failure to prosecute.

Dated: November 22, 2011

Virginia A. Phillips
United States District Judge

Presented By:

Marc L. Goldman
United States Magistrate Judge